# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

DARREN L GLOVER,

    Plaintiff,

v.

MICHAEL J. BAXTER, WILLIAM T. MITCHELL, COREY E. SILCOX, and MICHAEL A. MONEYHAM, individually,

    Defendants.

Case No. 5:19cv181

## COMPLAINT FOR DAMAGES

1. This is an action for damages under 42 U.S.C. §§ 1981, 1983, and 1988.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is asserted in the Northern District of Florida, Panama City Division, because Defendants are found, and some causes of action arose, here.

4. At all times material hereto, Plaintiff DARREN L GLOVER was a prisoner of the Florida Department of Corrections, Apalachee Correctional Institution.

5. At all times material hereto, Defendant MICHAEL J. BAXTER was a Major at Apalachee Correctional Institution. He is sued individually.

6. At all times material hereto, Defendant WILLIAM T. MITCHELL was a Lieutenant at Apalachee Correctional Institution. He is sued individually.

7. At all times material hereto, Defendant COREY E. SILCOX was a Sergeant at Apalachee Correctional Institution. He is sued individually.

8. At all times material hereto, Defendant MICHAEL ALAN MONEYHAM was an Officer at Apalachee Correctional Institution. He is sued individually.

9. All individual Defendants named above acted under color of law.

## Common Allegations of Fact

10. Plaintiff Darren Glover ("Glover") was a prisoner committed to the care and custody of the Florida Department of Corrections ("FDOC").

11. In 2015, Plaintiff was housed at Apalachee Correctional Institution (ACI).

12. On July 12, 2015, Jennifer Garland visited prisoner Darren Glover to discuss plans for their wedding ceremony at 9:00 a.m. next day at the prison.

13. Jennifer Garland is white and Darren Glover is black.

14. Several ACI officers were upset that Glover was marrying a white woman.

15. At around 1:00 p.m., as pictures were taken, Officers Jonathan Maxwell and Kayla Tyus call Glover to the desk and instructed him to tie his boot laces.

16. Glover explained to Maxwell and Tyus that his boot laces were tied but because his feet were swollen, the laces weren't long enough.

17. Glover explained his feet were swollen due to a medical condition.

18. Glover explained that he had passes that showed his medical condition.

19. Maxwell and Tyus threatened a disciplinary report (DR) for "Lying."

20. Capt. Lee told Glover his he wouldn't get a DR for lying if he could show he had passes documenting his medical condition.

21. Glover did have a pass that documented his medical condition.

22. Officers Maxwell and Tyus falsely alleged Glover had told them he had a pass excusing him from tying his laces, not documenting his condition.

23. The next morning, prior to the call-out for Glover's wedding, Sgt. Lewis entered G Dorm and told Glover to report to the "Captain's Bench."

24. Around 08:10 a.m., Lt. Mitchell escorted Glover to Major Baxter's office.

25. Major Baxter was very angry with Glover, accusing him of failing to obey an officer's order to tie his boots, telling him he should be locked up.

26. Glover said, "Sir, I didn't do nothing wrong. My boots were tied, Major."

27. Glover also told Major Baxter he was supposed to get married that day.

28. Baxter ordered Lt. Mitchell to place handcuffs on Glover, who did not resist.

29. Before Lt. Mitchell completely handcuffed Glover, Major Baxter ordered Mitchell, Silcox, and Moneyham, to take Glover down.

30. Major Baxter then added, "Better yet, drop him on his head."

31. Glover was frightened and collapsed to the floor face down.

32. The officers began to beat Glover, with Major Baxter repeatedly kicking him in the head and Sgt. Silcox seated on Glover's back, choking him.

33. None of the officers made any effort to intervene to prevent the abuse or to protect Plaintiff Glover, though they were all able to do so.

34. After Major Baxter and the other officers had caused severe physical injuries, Major Baxter ordered Glover placed in a holding cell.

35. Glover, only semi-conscious, was then taken to medical by wheelchair.

36. While in Medical, Glover's injuries were photographed by investigators.

37. Glover was rushed to Jackson Memorial Hospital by ambulance.

38. Glover was sent on to Florida State Prison (FSP) without x-rays being taken.

39. Glover was then sent back to a hospital for x-rays and emergency care.

40. When Glover was returned to FSP, he was kept on 24-hour watch.

41. Defendant Baxter then wrote a report stating that Plaintiff had physically attacked and battered him and other officers, and Defendants Mitchell, Silcox, and Moneyham corroborated those allegations.

42. As a result of these false statements, Plaintiff was given four disciplinary reports, placed on maximum management, and lost his gain time.

43. A review by state investigators and the FBI found the officers' statements were inconsistent with the available evidence.

44. Glover was subsequently removed from State of Florida prison facilities and placed in facilities outside the state prison system for his protection.

45. After further investigation, a federal Grand Jury indicted Major Baxter on criminal violation of the Eighth Amendment and Falsifying Reports.

46. Defendant Baxter was found guilty at trial of Falsifying Reports and sentenced to five years in federal prison.

47. Glover suffered severe swelling and lacerations to his face from the blows.

48. Photographs show horrific injuries to Glover's face and head.

49. After the use of force, Glover suffered impaired vision and intense headaches that have not abated, as well as severe emotional distress.

## Causes of Action

### I.  42 U.S.C. §1983: Eighth Amendment
   (Baxter, Silcox, Mitchell, and Moneyham)

50. Plaintiff is entitled to relief against Defendants Baxter, Silcox, Mitchell and Moneyham, for violation of the Eighth Amendment to the U.S. Constitution sustained by Plaintiff at their hands as a result of their use of Excessive Force and Failure to Intervene to prevent the constitutional abuse.

51. Defendants used excessive force on Plaintiff without a valid penological purpose and they all failed to intervene to stop the abuse, though able.

52. The officers' affirmative duty to intervene arose from being present at the scene, aware of the use of excessive force, and able to stop it.

53. The officers' affirmative duty to intervene also arose from assisting the actual attacker to place the victim in a vulnerable position.

54. At the time, Plaintiff was compliant and represented no threat.

55. The acts of the Defendants were done under color of state law.

56. As a direct and proximate result of the wrongful acts, Plaintiff suffered bodily injury, pain and suffering, humiliation, and mental anguish, which injuries are continuing, and Plaintiff will suffer such injuries in the future.

57. Under the above facts, Plaintiff is entitled to both compensatory and punitive damages against the defendants individually named.

58. As it was necessary for Plaintiff to retain undersigned counsel, Plaintiff is entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiff seeks relief as noted below.

### II. 42 U.S.C. § 1981: Violation of Equal Rights (Baxter, Mitchell, Silcox, and Moneyham)

59. Plaintiff is entitled to relief against Defendants Baxter, Mitchell, Silcox, and Moneyham because each acted to deprive Plaintiff of his enjoyment of equal benefit of the law irrespective of the color of his skin.

60. Each of the above Defendants acted jointly and collectively with the others to deprive Plaintiff of his equal rights under the law, including:

    a) The right to enter into a marriage contract with his fiancée;

    b) The right not to suffer arbitrary physical and emotional abuse while abiding by the rules and requirements of the prison;

    c) The right to enjoy the full and equal benefit of all laws and proceedings as those enjoyed by white citizens, including fair and equal treatment in prison disciplinary and classification proceedings;

    d) The right to enjoy the full and equal benefit of timely and appropriate medical care, and to be conveyed to medical, when severely injured, by a gurney, with appropriate caution, rather than by a wheelchair;

  e) The right to participate in and benefit from the full range of programs and services in the Florida Department of Corrections while abiding by the rules and requirements of the Department.

61. In effecting these deprivations, Defendants were guided by their own personal racial animus and not their sworn professional duty.

62. The misconduct described in this Count was undertaken with malice, and deliberate indifference to the rights of others, including Mr. Glover.

63. As a direct and proximate result of the wrongful acts, Plaintiff suffered bodily injury, pain and suffering, humiliation, and mental anguish, which injuries are continuing, and Plaintiff will suffer such injuries in the future.

64. Under the above facts, Plaintiff is entitled to both compensatory and punitive damages against the defendants individually named.

65. As Plaintiff has been obliged to retain counsel for redress, pursuant to 42 U.S.C. 1988, Plaintiff is entitled to reasonable attorney fees, as well as costs. WHEREFORE, Plaintiff seeks damages as noted below.

## **Prayer for Relief**

A. Compensatory damages against defendants sued individually;

B. Punitive damages against defendants sued individually;

C. Attorney's fees pursuant to 42 U.S.C. §1988 and costs of litigation;

D. A trial by jury on all issues so triable;

E. Such other relief as justice may require.

Respectfully Submitted,  *s/ James V. Cook*_____
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

Attorney for Plaintiff