IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRYANT NEIL BROWN

Plaintiff,

v.     Case No.:  4:19-cv-00345-MW-CAS

HON. WALTER McNEIL, as Sheriff of Leon
County, Florida, and CORIZON LLC, a
Health Services Corporation, and MARIA
LILIANA GARCIA, MD, CELESTE MACDONALD,
And DEBBIE SELLERS, individualy,

Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CORIZON LLC, MARIA GARCIA, MD, CELESTE MACDONALD AND DEBBIE SELLERS

Defendants, Corizon, LLC, Maria Liliana Garcia, MD, Debbie Sellers and Celeste Macdonald, by and through undersigned counsel, respond to the Complaint and Demand for Jury Trial of Plaintiff as follows:

### Jurisdiction and Venue

1. Admitted for jurisdictional purposes only.
2. Admitted for jurisdictional purposes only.
3. Admitted for jurisdictional purposes only.
4. Without knowledge, therefore denied.

## Parties

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Admitted that Corizon Health, Inc. is a Tennessee Corporation contracted with Leon County Sheriff's Office to provide medical treatment to inmates. Otherwise, denied.

8. Admitted that MARIA LILIANA GARCIA, MD was employed by Corizon Health, Inc., otherwise denied.

9. Admitted that DEBBIE SELLERS was employed by Corizon Health Inc., otherwise denied.

10. Admitted that CELESTE MACDONALD, ARNP was employed by Corizon Health Inc., otherwise denied.

11. Denied.

## Common Allegations of Fact

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Denied.

16. Denied.

17. Denied.

18. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

19. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

20. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

21. Denied.

22. Denied.

23. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

24. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

25. Denied.

26. Denied.

27. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

28. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

29. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

30. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

31. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

32. Denied.

33. Denied.

34. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

35. Denied.

36. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

37. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

38. Without knowledge, therefore denied.

39. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

40. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

41. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

42. Mr. Brown's medical condition and treatment he was provided will be documented in his medical records and Defendants deny any allegations to the extent that they conflict with his medical records.

43. Without knowledge, therefore denied.

44. Denied.

45. Denied.

## Causes of Action:

### I. Claims under 42 U.S.C. 1983, Failure to Protect (McNeil)

1-. The paragraphs of this Count do not appear to be addressed to the responding Defendants. To the extent they can be construed to be addressed in any way to the responding Defendants, they are denied.

### II. Claims under 42 U.S.C. 1983: Failure to Treat (Corizon)

52. Denied.

53. Admitted that the Fourteenth Amendment is applicable to the claim presented by Plaintiff, otherwise, denied.

54. Denied.

55. Denied.

56. Denied as to all parts (a-f)

57. Denied.

58. Denied.

59. Denied.

60. Denied.

### III. Claims under 42 U.S.C. 1983: Failure to Treat (Garcia, Sellers, MacDonald)

61. Denied.

62. Denied.

63. Denied.

64. Denied as to all parts (a-f).

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### Prayer for Relief

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

F. Admitted.

G. Denied.

All allegations not specifically admitted herein, are denied.

## FIRST AFFIRMATIVE DEFENSE

All negligent or wrongful acts alleged in the Complaint are described as the conduct of an employee or agent of the Defendant, Corizon Health, Inc., The Complaint affirmatively describes such negligent or wrongful acts as outside the scope of the employment or agency.

## SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to set-off or reduction, pursuant to §768.76, Florida Statutes, in the amount of all benefits received by Plaintiff, or paid to another on behalf of the Plaintiff, from collateral sources.

## THIRD AFFIRMATIVE DEFENSE

This Defendant is entitled to the protection and benefits of §768.81, Florida Statutes. The Defendant requests apportionment, as provided in the statute, of any damages that may be awarded Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Bryant Brown are a result of superseding, independent, or intervening causes or are the result of yet unknown causes over which Defendant had no control and for which Defendant is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint of Bryant Brown fails to state a cause of action, and therefore should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Bryant Brown was himself negligent, and or a voluntary, consensual participant in the incident described, and such negligence, voluntary participation, is the legal cause of the injuries complained of in whole or part.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant is entitled to the statutory caps provided under §766.118, Florida Statutes.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant is entitled to a set-off for reimbursement of medical expenses by establishment of a set-off lien pursuant to §951.032, Florida Statutes; or, alternatively, §901.35, Florida Statutes; or, alternatively, by establishment of a civil restitution lien pursuant to §960.293, et seq., Florida Statutes.

## NINTH AFFIRMATIVE DEFENSE

Any damages awardable to Bryant Brown under any claims brought pursuant to Florida Law are governed by the limitations found in Section §768.28, Florida Statutes.

## TENTH AFFIRMATIVE DEFENSE

This Complaint is not actionable pursuant to Title 42 U.S.C. §1983 in that any and all actions taken by these Defendant reflects, at worst, merely negligent activity and as such are not Constitutionally actionable.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injurious results about which Bryant Brown complains did not arise as a result of a custom, policy, or practice routinely in effect with the Defendant. No history of widespread abuse or any custom or policy, whether formal or informal, exists sufficient to put Defendant on notice of the potential for civil or Constitutional violations.

## TWELFTH AFFIRMATIVE DEFENSE

No causal connection exists between the actions of Defendant in the alleged deprivation of the Bryant Brown's civil or Constitutional rights. No history of widespread abuse of any custom or policy, formal or informal, exists sufficient to put Defendant or a supervisory official on notice of the potential for civil or Constitutional violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Because the employees involved did not violate any Constitutional rights, there can be no liability under Title 42 U.S.C. §1983 for Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant enjoys the benefit of the defense of sovereign immunity for any claims brought against them under Florida Law for any action involving the exercise of governmental discretion or that were not operational in nature.

## FIFTEENTH AFFIRMATIVE DEFENSE

A claim of inadequate training or supervision cannot be established against Defendant absent a finding of a Constitutional violation by the person being supervised.

## SIXTEENTH AFFIRMATIVE DEFENSE

Without notice of the need to train or supervise in a particular area, Defendant cannot be held liable as a matter of law for any failure to train and supervise their employees or agents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for negligence against this Defendant must be based on medical negligence under Florida Law as the allegations relate to the provision or lack of provision of medical care or treatment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant was acting within the scope and course of their employment under contract with the Leon County Jail and were not violating clearly established law of which a reasonable medical professional would be aware. Accordingly, Defendant is entitled to qualified immunity in its individual and collective capacity.

## NINETEENTH AFFIRMATIVE DEFENSE

A claim of inadequate training or supervision under 42 U.S.C. §1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved.

## TWENTIETH AFFIRMATIVE DEFENSE

Without a notice of the need to train or supervise in a particular area, this Defendant, in their official capacity, cannot be held liable as a matter of law for a failure to train and supervise.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendant has not promoted any policies or engaged in any practices or patterns of behavior which would have made the alleged incident(s) more likely to occur, or which condoned or approved of any alleged improper action taken against Bryant Brown by any employee or agent of the Defendant.

WHEREFORE, Defendants demand judgment in their favor, including an award of costs and attorney's fees as is appropriate, and demands trial by jury on all issues so triable.

Dated this 25th day of October, 2019.

/s/ Jami M. Kimbrell
Jami Kimbrell, Esq.
Brooks Law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, a true and correct copy of the foregoing has been provided to all counsel via CM/ECF this 25th day of October, 2019.

/s/ *Jami M. Kimbrell*
Jami M. Kimbrell, Esq.
Florida Bar No.: 0657379
jmk@brookslawyers.net
arj@brookslawyers.net
Joseph E. Brooks, Esq
FBN: 0880752
jeb@brookslawyers.net
paralegal@brookslawyers.net
BROOKS LAW
2629 Mitcham Drive
Tallahassee, FL 32308
Tel: 850-201-0942
ATTORNEYS FOR Corizon Garcia, Macdonald, Sellers