# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BRYANT NEIL BROWN,

    Plaintiff,

v.                               Case No. 4:19-cv-345-MW-CAS

HON. WALTER MCNEIL, as Sheriff of Leon County, Florida, and CORIZON, LLC, a Health Services Corporation, and MARIA LILIANA GARCIA, M.D., CELESTE MACDONALD, and DEBBIE SELLERS, individually,

    Defendants.

_____/

## DEFENDANT SHERIFF WALTER MCNEIL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, HON. WALTER MCNEIL, as Sheriff of Leon County, Florida ("Sheriff McNeil"), by and through undersigned counsel, responds to Plaintiff's Complaint for Damages (Doc. 3) in correspondingly-numbered paragraphs as follows:

### Jurisdiction and Venue

1. Sheriff McNeil admits that Plaintiff has attempted to allege a claim based on 42 U.S.C. §§ 1983 and 1988; however, denies that such claim has merit.

2. Admitted for jurisdictional purposes only.

3. Admitted for venue purposes only.

4. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

## Parties

5. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

6. Admitted.

7. Sheriff McNeil admits that Corizon contracted with the Leon County Sheriff's Office to provide medical treatment to inmates, but is without knowledge as to, and therefore denies, the remaining allegations.

8. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

9. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

10. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

11. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

## **Common Allegations of Fact**

12. Admitted.

13. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

14. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

15. Denied.

16. Denied.

17. Denied.

18. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

19. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

20. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

21. Denied.

22. Denied as stated.

23. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

24. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

25. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

26. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

27. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

28. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

29. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

30. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

31. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

32. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

33. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

34. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

35. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

36. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

37. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

38. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

39. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

40. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

41. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

42. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

43. Sheriff McNeil is without knowledge as to, and therefore denies, these allegations.

44. Denied.

45. Denied.

## Causes of Action:

**I.    Claims under 42 U.S.C. 1983, Failure to Treat (McNeil)**

46. Denied.

47. Sheriff McNeil admits that Plaintiff has a constitutional right to receive treatment for a known serious medical condition. The remaining allegations are denied.

48. Sheriff McNeil admits that the Leon County Sheriff's Office entered into a contract with Corizon. With respect to the remaining allegations in this paragraph, Sheriff McNeil asserts that the remainder sets forth legal conclusions and questions of law to which no response is required.

49. Denied in its entirety, including all subsections (a) thru (f).

50. Denied.

51. Denied.

**II.   Claims under 42 U.S.C. 1983: Failure to Treat (Corizon)**

52. – 60.   Sheriff McNeil is not a party Defendant to this claim/count. Accordingly, he is not responding to the allegations as contained herein.

6

To the extent said allegations can be construed as having application to claims against Sheriff McNeil, they are specifically denied.

### III. Claims under 42 U.S.C. 1983: Failure to Treat: (Maria Garcia, Deborah Sellers, Celeste MacDonald)

61. – 69.   Sheriff McNeil is not a party Defendant to this claim/count. Accordingly, he is not responding to the allegations as contained herein. To the extent said allegations can be construed as having application to claims against Sheriff McNeil, they are specifically denied.

## Prayer for Relief

Sheriff McNeil denies that Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees, and costs in this litigation.

## General Denial

Sheriff McNeil denies all allegations of the Complaint that have not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The injury and damages to Plaintiff, the existence of which are denied, were proximately caused by actions of others or events separate, distinct, unrelated and remote to any action or inaction of Sheriff McNeil, which said separate, distinct, unrelated actions of others or events or accidents were

the sole proximate or contributing cause of Plaintiff's alleged injuries and damages, if any, for which Sheriff McNeil cannot be liable, or were such separate intervening and superseding causes thereof as to absolve Sheriff McNeil of any responsibility or liability therefore.

## Second Affirmative Defense

No causal connection exists between actions, if any, of Sheriff McNeil and the alleged deprivation of Plaintiff's civil or constitutional rights.  No history of widespread abuse exists or has been alleged sufficient to put Sheriff McNeil on notice of the potential for civil or constitutional violations.

## Third Affirmative Defense

Sheriff McNeil did not take any action nor did he fail to take any action through deliberate indifference.

## Fourth Affirmative Defense

Specifically directed to Count I against Sheriff McNeil, the allegations described in the Complaint could reflect, at worse, mere negligence and as such Plaintiff's claims are not cognizable or compensable under 42 U.S.C. § 1983.

### Fifth Affirmative Defense

Sheriff McNeil, nor his predecessor, did not create, maintain, support, or promote any policy, custom, or practice which in and of itself deprived Plaintiff of any civil or constitutional right, or which was the moving force behind any unconstitutional conduct of his employees or agents which may have been the legal cause of damages to Plaintiff.

### Sixth Affirmative Defense

Any injurious results about which Plaintiff complains were the result of Plaintiff's own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiff.

### Seventh Affirmative Defense

Because the employees involved did not violate any Constitutional rights of the Plaintiff, there can be no liability under Title 42 U.S.C. § 1983 for Defendant Sheriff McNeil.

### Eighth Affirmative Defense

Sheriff McNeil did not cause some or all of the damages or injuries allegedly suffered by Plaintiff.

### Ninth Affirmative Defense

Sheriff McNeil cannot be liable based on vicarious liability, joint and several liability, or respondent superior as a matter of law.

### Tenth Affirmative Defense

Sheriff McNeil in his official capacity cannot be liable for punitive damages.

### Eleventh Affirmative Defense

Plaintiff may have failed to use reasonable and proper efforts to mitigate his damages, if any.

### Twelfth Affirmative Defense

Plaintiff's alleged damages, the entitlement to which Sheriff McNeil specifically denies, should be reduced by any amounts received or to be received by Plaintiff in the future from any collateral source or any other source provided by Florida Statutes or applicable law.

### DEMAND FOR TRIAL BY JURY

Sheriff McNeil demands a jury trial on all issues so triable raised in Plaintiff's Complaint.

**WHEREFORE**, having fully answered Plaintiff's Complaint, and having set forth the affirmative defenses thereto, Defendant Sheriff McNeil respectfully prays that Plaintiff's Complaint be dismissed in its entirety and/or that judgment be entered against Plaintiff and in favor of Defendant on all or part of Plaintiff's claims, and that further, Defendant be awarded

his costs in defending this action including reasonable attorneys' fees, where applicable, and such further relief as this Court deems appropriate.

Dated this 15th day of November, 2019.

                              Respectfully submitted,

*/s/ Dawn P. Whitehurst*
**DAWN POMPEY WHITEHURST**
Florida Bar No. 0794546
Email: dwhitehurst@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendant***
***Sheriff Walter McNeil***

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 15th day of November, 2019, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system, which will serve a copy to all counsel of record.

                                      */s/ Dawn P. Whitehurst*
                                      **DAWN POMPEY WHITEHURST**